# BAUDILIO CORREA, By His Mother, RAMONA COR-REA,

### v.

# AMERICAN RAILROAD COMPANY.

San Juan, Law, No. 623.

ACTION FOR PERSONAL INJURIES.

1. If the help on railroad trains carrying sugar cane throw off sticks of the same to children of tender years on a playground at a schoolhouse near the right of way, so as to induce and entice the children to go to such trains as they pass, expecting to get such cane, and the help throw the same so close to the train as that in the scramble occurring among the children therefor one of them falls under the wheels and is injured, the railroad company is liable for the injury. [But see decision on motion for new trial, post, p. 391.]

2. *Quære*, and not decided: Whether the Spanish law of railroads or the Spanish police law of railroads, or either of them, is now in force in Porto Rico.

3. A child of very tender years is in law presumed to be incapable of con-tributory negligence, but an intelligent child of eight or more years of age is presumed to possess sufficient intelligence to avoid in-juring himself, and if such a child rashly goes out of his way unknown to a railroad company to put himself in a place of danger, and is thereby injured, the defendant is not liable therefor.

4. Whether an accident to a child of tender years is the result of the negli-gence of a defendant, or the result of the rash act of the child himself, is matter for the jury under proper instructions from the court.

5. Railroad companies, while not bound to keep guards at crossings along their line in the country to prevent people from standing near their tracks, still are bound at all times to keep a reasonable lookout along their right of way and tracks so as to avoid injuring trespassers even, and this is particularly so as to children of tender years, and a failure to keep such reasonable lookout will render the railroad company liable.

**Case tried November 30, 1909.**

*Messrs. Anderson, Crosas,* and *Pesquera,* for plaintiff.

*Mr. F. H. Dexter,* for defendant.

The facts sufficiently appear from the instructions which RODEY, Judge, gave to the jury, as follows:

## The Court's Instructions to the Jury, Given before the Arguments of Counsel.

Notwithstanding the large amount·of conflicting evidence in this case, and the contentions of counsel regarding the law, it is in fact very simple. The court is of opinion, and so instructs you, that it is not necessary for the purposes of this trial to determine whether the Spanish law of railroads, or the Spanish police law of railroads, or either of them, is now in force in Porto Rico. Under the view we take of this case those laws have no bearing.

There is evidence, on the part of the plaintiff in this case, tending to show that persons on these railroad cane trains were accustomed to throw off sticks of sugar cane to the children near the schoolhouse referred to in the evidence, as the train went by. And that the children became accustomed to go there for the purpose of getting sugar cane thus thrown off to them. On the other hand, there is evidence tending to show that on the occasion in question the small boy plaintiff and some of his companions went to the railroad crossing in question, crossed the track out of danger and were standing on the road in a group and that this small boy plaintiff then, in a rash effort to secure a stick·of sugar cane that was protruding from the side of one of the passing cars, left the other boys where they were in a place

Correa v. American R. Co.

of safety, rushed to the train and got hold of this stick of cane, and was jerked to the ground and under the train, and injured in the manner indicated by the evidence.

Some of the evidence tends to show that instead of being on the road, the boy that was injured, or all of them, had gone a little distance away from the railroad crossing in the direction of the coming train, and that it was there that the little boy took hold of the stick of sugar cane extending from the side of the car, but this could make little or no difference as affecting your verdict.

The evidence before you shows you that the injured boy was somewhere near eight years old at the time he was injured. You have seen him and must judge for yourselves as to his intelligence. The court instructs you that a child of very tender years cannot be guilty of any contributory negligence, but that a child of the age of eight years, who possesses ordinary intelligence, is presumably able to avoid actual danger, and neither railroad companies nor anybody else in the community, they not being guilty of negligence themselves, are liable for the foolish or rash acts of any child in uselessly running into or exposing himself to danger.

In this case, the mother of the boy, under all the evidence, could not be held to be guilty of any negligence in permitting a child of that age to go at large, unless she had knowledge that he was accustomed to frequent the railroad track in dangerous proximity to the trains. He was old enough to be permitted to roam around and play with other children, and there could be no presumption that he would go into the railroad yards or near the tracks.

But in this cause you are instructed that if you believe from

a preponderance of the evidence that persons riding upon the cane cars of the defendant were accustomed to throw off sticks of cane to the children near this schoolhouse, and that this induced the children to go there and expect that, and that on the occasion in question these children, including the plaintiff, did go there and that cane was thus thrown off to them by the employees of the defendant, and that such employees threw the cane so near the train as to make it dangerous for the children to scramble for it there, then the defendant is clearly liable for the injury resulting to this boy if it occurred in that way, because the people on the train throwing off this cane will be presumed to be the servants of the defendant in the absence of evidence to the contrary. The defendant, as well as everybody else in the community, owed a duty to children not to expose them to unusual danger, and it was unusual danger to throw sugar cane off to these children so close to a loaded railway train running by as that one of them in the scramble fell under the wheels and was injured. Now this is the crux of the case, and, if you believe these facts as stated to be true, you must find for the plaintiff, and assess his damages within the amount claimed, in such sum as you may believe to be just.

But, on the other hand, if you believe from a preponderance of the evidence that those boys, including the plaintiff, simply went to the railroad track casually to gather any sticks of sugar cane that might fall from passing cane trains, and that the accident in truth and in fact occurred as contended for by the defense, and as testified to by a majority of defendant's witnesses, then you have no right in law to find a verdict against the defendant, because it is not liable in any sense to the plaintiff, and the boy is the unfortunate victim of his own rashness.

Correa v. American R. Co.

Railroad companies are not bound to keep guards along their line or at crossings to prevent people from standing near their track, or for any other purpose, save to notify people of the approach of trains, and they owe the public no duty in that regard save that if children of tender years should get upon the track of a railroad company, and the railroad employees should see them before any injury is done to them, they are bound to avoid it if possible, and are bound to keep a reasonable lookout to guard against the taking of the life of any human being, be he adult or infant.

The plaintiff in this case lays his damages in the sum of $25,000, and of course any damages you find must be within that sum. Should you find for the plaintiff it is for you to say what the damages shall be within that sum, considering the injury done to the boy, and the loss during all his life of his leg. In estimating the damages you may take into consideration the pain and suffering, physical and mental, the child has already endured, and that which he will endure in the future because of the loss of one of his limbs, and his inability to earn a living the same as he could did this injury not occur, and assess his damages as practical, sensible men at such amount as you believe to be reasonable under the circumstances. The burden is upon the plaintiff to establish the liability of the defendant to your satisfaction by a preponderance of the evidence. As you have seen, the evidence on both sides is almost directly contradictory, and it is for you to say which is in the right. That is the province of a jury.

On the one hand, you should be extremely careful, as upright and conscientious men, as to permitting the sympathy, which yourselves as well as the court must have for this poor little

boy, to sway your judgment, and induce you to render this defendant liable, unless in truth and in fact it is liable. And on the other hand, you should not permit your sense of rectitude to induce you to stand up so straight as that you will lean over backwards against the rights of the boy. Therefore, gentlemen, as the cause turns almost entirely on the question as to whether you believe the witnesses for the plaintiff or the witnesses for the defendant, the court cannot further aid you in that regard.

Continued Instructions Given by the Court to the Jury after Counsel Had Addressed Them.

It is perhaps hardly necessary, save for the purpose of refreshing your recollections, to reread the instructions that the stenographer read to you a while ago, but I will do so, and add some other points that may be proper. (The court thereupon read the foregoing instructions to the jury.)

I might say, in addition, that the question of keeping gates open or closed, or whistling or ringing bells, cuts little or no figure in this case, because the boys went there, in any event, of their own accord and voluntarily. Therefore, the question to be decided here will depend upon whether they were invited by the railroad company, through the custom of its employees to throw off sticks of cane at that place, or whether they went there casually, just expecting to pick up cane as it dropped from the cane cars of the passing trains.

You saw the plaintiff on the stand, and you must judge of his intelligence. That is necessary, because you will determine whether or not he was guilty of contributory negligence, con-

Correa v. American R. Co.

sidering his age. Small children are presumed not to be guilty of contributory negligence, and all people are expected to take care not to injure them, but children of eight years and upwards are presumed to know the difference between right and wrong, and if a child of that age does some rash act exposing himself to danger nobody is liable therefor.

It might be well to say a word to the jury generally with reference to the law and the facts of the case. You have noticed that the court yesterday evening went out to settle the law of this case. If the court does not settle the law right, the appellate court or the Supreme Court of the United States will correct it, or it will correct itself on a motion for a new trial. But jurors are always the absolute judges of the facts, and this is one of the best cases we have tried this term for you to determine where the truth actually lies, for the case turns almost entirely on fact, you applying one or two principles of law that I have pointed out to you. And you must take this case and consider it as practical men of common sense, and decide it on a preponderance of the evidence wherever you may believe truth and justice and right to lie, and not where your hearts or your sympathies want it; but if truth and justice go with your sympathy, all the better for you. But if they do not, do not hesitate to find for the defendant.

Preponderance of the evidence, I have often explained to you, is where truth and justice lie in the opinion of practical men, looking at it from the standard of everyday affairs, and it does not necessarily mean the side that has the most witnesses, or the most exhibits.

You are the sole judges of the evidence, and you do not have to believe what any witness says if you believe that he has

V. Porto Rico—17.

wilfully sworn falsely, or you may believe a portion of his testimony and not believe the rest, as you may believe that all or part of his testimony is untrue. In estimating the weight that you shall give to the testimony of any witness, you may consider his manner on the stand, his opportunity of knowing, and his interest in the cause, and the influences that surround him, and all those things that practical men consider in passing upon the practical things in life.

The case is important. On the one hand, this boy should be compensated for this terrible injury, if anybody is chargeable for it, and the defendant is liable if its servants invited these children there by throwing off cane to them and this boy was injured in scrambling for it. If they did not do that, and these boys just went there to pick up the sticks of cane that fell from passing trains, and this plaintiff rashly grabbed a piece of cane which was sticking out of the side of the load, then the injury is due to his own negligence, and you have no right to give him one cent of damages, or take it out of the pockets of this defendant company. This is the point for you to decide, and the matter is submitted to you in all fairness, as practical men, along the lines indicated, to say who is telling the truth, and, so finding, return your verdict accordingly.

Two forms of verdict will be given you; one reading: "We, the jury, find for the plaintiff, and assess his damages at the sum of blank dollars;" and the other reading: "We, the jury, find for the defendant." The exhibits will be given you, as well as such portions of the pleadings as are necessary.

The jury returned a verdict for the plaintiff in the sum of $2,500.